# NO. 12-14-00130-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAWORSKI LYNN ADKINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jaworski Lynn Adkins appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for twenty-two years. In three issues, Appellant argues that the evidence is legally insufficient to support his conviction, that the evidence is legally insufficient to support the deadly weapon finding, and that the judgment contains a clerical error. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. He pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence showed that Appellant entered a convenience store in Lindale where he was a frequent customer. He asked one of the cashiers, Darthia Murray, to turn a gas pump on for him. Murray told Appellant that he would have to prepay for the gas. He then asked for some cigarettes and again asked her to turn the pump on.

After a four or five minute conversation, Appellant reached over the counter and grabbed a stack of money and checks that Murray had been counting. Murray tried to grab his arm but missed. Appellant then walked out of the store. Murray and the other cashier, Claudette Phelps, began to come around the counter to try and get the money back. A customer stopped them by saying that Appellant had a gun.

Phelps and three customers testified that, through the store windows, they saw Appellant raise a gun after he got in his car. One customer stated that he was waving the gun. Another stated that he made a cocking motion on the gun. Phelps stated that when Appellant held the gun up, he looked directly at her. Everyone backed away from the windows when Appellant held up the gun.

Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for twenty-two years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction of the offense in the indictment. Specifically, he argues that there is insufficient evidence that he used or exhibited a deadly weapon during the commission of the offense.

In his second issue, Appellant contends that the evidence is legally insufficient to support a finding that he used or exhibited a deadly weapon. We address Appellant's first and second issues together.

### Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To satisfy the elements of aggravated robbery as alleged in the indictment, the State was required to prove that Appellant intentionally or knowingly threatened or placed Claudette Phelps in fear of imminent bodily injury or death while in the course of committing theft and with intent to obtain or maintain control of the property, and that he used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a) (West 2011).

**Analysis**

Appellant does not dispute that the evidence shows he committed the theft and that he displayed a firearm. But he argues that the evidence of his use or exhibition of a deadly weapon is insufficient because it shows that he displayed the firearm only after he left the store with the money.

A deadly weapon includes "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," as well as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17) (West Supp. 2014). Thus, a firearm is a deadly weapon per se. *See Lafleur v. State*, 106 S.W.3d 91, 99 (Tex. Crim. App. 2003). Use of a deadly weapon means that the deadly weapon was employed or utilized in order to achieve its purpose. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Use during the commission of a felony offense extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony. *Id.* Exhibition of a deadly weapon means that the deadly weapon was consciously shown or displayed during the commission of the offense. *Id.*

As an element of the offense, the State was required to prove that Appellant threatened or placed Phelps in fear of imminent bodily injury or death "in the course of committing theft." TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011). "In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01(1) (West 2011).

The evidence shows that Appellant stole money and checks from the store and proceeded to his car. Phelps testified that she and Murray started around the counter to go after him. She stated that it was her intent to get the money back because it belonged to her boss, not Appellant. She stopped and called 911 when the customer said that Appellant had a gun. Once in his car, Appellant held up a gun and looked directly at Phelps through the store window as he was pulling away. Phelps was on the phone with 911 and backed away from the window. Phelps

3

testified that she was scared Appellant might pull the trigger. This evidence is sufficient to show Appellant threatened and placed Phelps in fear of imminent bodily injury or death "in immediate flight after the . . . commission of theft." *See id*. The evidence also is sufficient to show that he did so by using and exhibiting a deadly weapon.

Accordingly, we conclude that a rational trier of fact could have found that Appellant used and exhibited a deadly weapon during the commission of the offense. Furthermore, we conclude that a rational trier of fact could have found Appellant guilty of the charged offense beyond a reasonable doubt. We therefore hold that the evidence is sufficient to support the jury's verdict. Appellant's first and second issues are overruled.

## ERROR IN THE JUDGMENT

In his third issue, Appellant argues that the trial court erred in including a deadly weapon finding in the judgment. He asserts that the jury did not make an affirmative deadly weapon finding. Consequently, he contends that this court should delete the deadly weapon finding in the judgment.

### Applicable Law

An "affirmative finding" of a deadly weapon means "the trier of fact's *express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." ***Polk v. State***, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985). When the jury is the trier of fact, an affirmative finding may properly be made in one of several ways. *See id*. at 394. First, the jury's verdict on the indictment may constitute an affirmative finding. *Id*. If the indictment by allegation specifically places the issue before the jury, then an affirmative finding is de facto made when the defendant is found guilty "as charged in the indictment." *Id*.

Second, an affirmative finding may arise as a matter of law when the jury finds that a per se deadly weapon, such as a firearm, was used in the commission of the offense. *Id*. Third, an affirmative finding may be made if the jury responds to a special issue submitted during the punishment stage of trial. *Id*. Finally, an affirmative finding may be made if the deadly weapon allegation in the application paragraph of a lesser included offense matches the deadly weapon allegation in the indictment, and the jury finds the defendant guilty of the lesser included offense. *Lafleur*, 106 S.W.3d at 92.

4

## Analysis

In this case, the indictment alleged that Appellant

> did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Claudette Phelps in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm.

Thus, the indictment specifically placed the deadly weapon issue before the jury.

The jury's verdict states that it found Appellant "guilty of aggravated robbery, as charged in the indictment." By finding Appellant guilty as charged in the indictment, where the indictment specifically placed the deadly weapon issue before it, the jury made an affirmative deadly weapon finding. *See Polk*, 693 S.W.2d at 394.

Accordingly, we overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered May 20, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 20, 2015

NO. 12-14-00130-CR

**JAWORSKI LYNN ADKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1676-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*